Ross Clay Products Company, Plaintiff-Appellee, *v.* Stradtman Construction Company et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26556.  Decided February 14, 1964.

*Messrs. Marshman, Hornbeck, Hollington, Steadman & McLaughlin,* for plaintiff-appellee.

*Mr. Paul P. Sogg* and *Mr. Moses Krislov,* for defendants-appellants.

Skeel, C. J.  This appeal comes to this court on questions of law from a judgment entered against the defendants, Stradtman Construction Company and The Royal Indemnity Company, by the Court of Common Pleas of Cuyahoga County, upon the application of the plaintiff for a summary judgment.  The granting of the motion for summary judgment was the subject of

this appeal which, upon hearing and due consideration, was affirmed. The defendant, The Royal Indemnity Company, then filed a request for a rehearing which is now before the court.

The defendant, Stradtman, was awarded a contract by the Village of Canal Fulton, Ohio, to do certain sewer work. As required by law, upon request, they furnished, and the defendant, The Royal Indemnity Company, issued a completion bond as provided by Section 153.54, Revised Code. The plaintiff sold and delivered to Stradtman Construction Company certain sewer pipe for use by it under its contract with the Village of Canal Fulton. This action is for the admitted unpaid balance due for the tile furnished.

The defendant bonding company issued and filed with the Village a (contract) bond in the sum of $75,124.92 with Stradtman Construction Company, as principal, and The Royal Indemnity Company, as surety. The signature of the contractor on the bond is as follows:

Stradtman Const. Co.
Principal
by David Stradtman.

There are no disputed questions of fact evident upon the face of the record. The trial court overruled the claim of defendants that the bond was issued as surety for David Stradtman individually and not for the Stradtman Construction Company. (The form of the bond is conclusive on this subject.) With this conclusion of law, we are in complete accord.

The defendant-appellant bonding company has attempted to bring into the case a suggestion that there is a lawsuit now pending in Stark County which indicates that David Stradtman, as an individual and not acting through Stradtman Construction Company, a corporation (which he had formed) was the party that held the sewer contract with the Village. This claim was also made by counsel for the bonding company, as indicated by him in a "professional statement." Such a professional statement or the presentation of the petition, certified by the Clerk of Courts of Stark County, cannot be received as a method of establishing the meaning of the obligations of the bond or to establish the parties bound by its provisions as unambiguously expressed therein. There is also an affidavit of a lawyer claiming to have in his possession the contract between

David Stradtman d. b. a. Stradtman Construction Company and the Village of Canal Fulton for the sewer work for which plaintiff furnished the sewer pipe, the purchase price of which is the subject of this action. Such evidence, secondary in character, is not admissible because it is not the best evidence as to the terms of the bond, and does not present an issue of fact as to the terms of the bond and the parties thereto under such written contract which, on its face, clearly shows, as a matter of law, to be that of the Stradtman Construction Company, a corporation which had been formed by David Stradtman. The plaintiff, in dealing as it did with the Stradtman Construction Company (the invoices clearly demonstrate this fact), had the right to consider that its account with the corporation, who, in fact, ordered the sewer pipe, was protected by a bond as provided by law, styled "Stradtman Construction Company, Principle, by David Stradtman."

It is also claimed by the bonding company that the Village of Canal Fulton has a prior right to the proceeds of the bond. Such a claim is an affirmative defense. No such defense having been pleaded, nor any evidence presented to support it, this court will give no consideration to such claim supported only by statements in the brief of the bonding company.

For the foregoing reasons, the motion for reconsideration is overruled.

SILBERT and WASSERMAN, JJ., concur.